UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GOURMET PIZZA BY CARLO, LTD, | ) | Bankruptcy No. 19 B 15672 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| DAVID P. LEIBOWITZ, | ) | Adv. No. 19 A 00988 |
| Chapter 7 Trustee for the Estate of | ) | |
| Gourmet Pizza By Carlo, Ltd, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| SAMUEL LEONHARDT, dba Bank | ) | |
| Shots Bar and Grill, | ) | |
| Defendant. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON TRUSTEE'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

This matter came to be heard on the Motion ("Motion") of Chapter 7 Trustee, David P. Leibowitz ("Trustee"), pursuant to Federal Rule of Civil Procedure 55(b)(2) (applicable herein by virtue of Bankruptcy Rule 7055) and Local Bankruptcy Rule 7055-2 for entry of default and for default judgment on the Trustee's Complaint filed herein on October 28, 2019, to recover damages for breach of contract; and the Court having reviewed the motion and the declarations in support thereof and being otherwise fully advised in the premises;

**THE COURT FINDS:**

1. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 31, 2019.

2. The Trustee filed his complaint to recover damages for breach of contract (the "Complaint") on October 28, 2019. He obtained the issuance of summons that same day.

3. In accordance with Bankruptcy Rule 7004(b)(1), the Trustee served the Complaint, together with the summons, on Defendant, Samuel Leonhardt, on October 28, 2019, via first-class United States mail, postage fully pre-paid.

4. Pursuant to Bankruptcy Rules 7012(a) and 9006(a), Defendant had thirty days after issuance of the Summons, i.e., to and including November 27, 2019, to answer or otherwise plead to the Complaint.

5. Defendant did not file an answer or other responsive pleading. Accordingly, on December 10, 2019, the Trustee filed a motion pursuant to Federal Rule of Civil Procedure 55(b)(2), applicable herein by virtue of Bankruptcy Rule 7055, requesting entry of an order of default based on Defendant's failure to respond to the Complaint and a default judgment for the relief sought in the Complaint. Appended to the Motion was the Trustee's Declaration Regarding Military Service, certifying that Defendant is not currently on active duty in any branch of the armed forces of the United States. Also appended to the Motion was the Trustee's declaration concerning the filing and service of the summons and Complaint and Defendant's failure to answer, which also contained averments concerning the truth of the Complaint's allegations.

6. The factual allegations of the Complaint are deemed admitted by virtue of Debtors' default. *See* Fed.R.Civ.P. 8(b)(6).

7. As alleged in the Complaint, prior to the Debtor's bankruptcy petition, Defendant purchased certain personal property from the Debtor as follows:

Blodgett Stone Deck Pizza Ovens
2-door freezer/prep table
3- door rue pizza prep table
8x10 walk in refrigerator
2-drawer steak cooler
Dishwasher
Steam table
Magic chef broiler
Salamander

      2 fryers with filtration machine
      4 burner range with oven
      Microwave oven

8.    Defendant agreed to pay Debtor $5,000 for the above equipment. However, Defendant only paid $1,000 to the Debtor.

9.    The Trustee requested proof of payment of the balance by letter dated October 11, 2019, but Defendant failed to respond.

10.    Defendant failed to remit the $4,000 balance due.

11.    Defendant has thus breached his contract with the Debtor.

## CONCLUSIONS OF LAW

1.    Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and is referred here by Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, by which the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a). Venue lies under 28 U.S.C. §§ 1408 and 1409. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2.    "Upon default, all well-pled facts in the complaint are deemed admitted." *In re Smith*, 280 B.R. 436, 441 (Bankr. N.D.Ill. 2002) (*citing Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). However, entry of a default judgment does not automatically result after default. *Id.* (*citing Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)). The grant of a motion for entry of a default judgment lies within the sound discretion of the trial court. *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990).

3.    Section 541 of the Bankruptcy Code provides, with exceptions not relevant here, that property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as

of the commencement of the case." The Debtor's cause of action for recovery of damages for breach of contract, which arose prepetition, constitutes property of this estate and is therefore properly filed and prosecuted by the Trustee.

4. Defendant, having failed to remit the balance agreed to be paid, has breached his contract with the Debtor for purchase of the equipment listed above and therefore owes the Estate the sum of $4,000 pursuant to §541 of the Bankruptcy Code.

5. Section 2 of the Illinois Interest Act, 815 ILCS 205/2, provides in relevant part that "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum ... on money withheld by an unreasonable and vexatious delay of payment."

6. The failure to pay Debtor or the Estate was without cause and with vexatious delay. Accordingly, Defendant is liable for interest at the rate of 5% per annum from and after May 1, 2019, plus costs of suit.

7. A separate judgment order will be entered to that effect.

Date: **17 DEC 2019**   Enter: _____

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

Prepared By:

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC,
53 W. Jackson Blvd., Suite 1115
Chicago, Illinois 60604
312.360.1501